UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YESSUH SUHYES HUSSEY,

                              Plaintiff,

            -against-

ELLEN BIBEN; MS DANA LEVIN; MS
KELLEY DUFFY; MR CHRISTOPHER
DISANTO; MICHAEL DIMGGIO; LOUIS
A. MOLIA,

                              Defendants.

---

23-CV-4381 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained in the Otis Bantum Correctional Center on Rikers Island, brings this action under 42 U.S.C. § 1983.[1] Named as Defendants are New York County Supreme Court, Criminal Term, Administrative Judge Ellen Biben; "Secretary" Dana Levin, Esp.; "Secretary" Kelley Duffy; "Chief Clerk Executive" Christopher Disanto, Esq.; and New York City Department of Correction ("DOC") Commissioner Louis A. Molina. Plaintiff originally filed this action in the United States District Court for the Eastern District of New York.[2] See Hussey v. Hon. Ellen Biben, No. 1:23-CV-2770 (PKC) (LB) (E.D.N.Y. May 16, 2023). This case is one of 60 cases Plaintiff filed in the Eastern District in recent months, including 43 cases filed on the same day. On May 16, 2023, the Eastern District transferred this action to this court. (ECF 5.) By order dated August 3, 2023, the Court granted Plaintiff's request

---

[1] Plaintiff was detained in the Anna M. Kross Center on Rikers Island at the time he filed this action.

[2] On April 25, 2023, Plaintiff filed an amended complaint in the Eastern District. (ECF 4.) The amended complaint is the operative pleading.

to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[3]   The Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

[3] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Plaintiff did not submit a prisoner authorization with the complaint. By order dated June 6, 2023, the Court directed Plaintiff to either pay the $402.00 in fees or submit a prisoner authorization. (ECF 7.) The Court received Plaintiff's prisoner authorization on July 7, 2023.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Yessuh Suhyes Hussey brings this action under 42 U.S.C. § 1983, alleging that he was unlawfully held in custody of the DOC beyond the expiration of a 364-day jail term.[4] The amended complaint contains few details. Plaintiff alleges that he was detained in the Otis Bantum Correctional Center on Rikers Island from August 4, 2021, to March 3, 2023, but his sentence of 364 days was completed on August 4, 2022. (*See* ECF 4, at 5.) He further alleges that "[e]ach defendant listed deliberately acted congruently in the extra detainment of [Plaintiff] . . . with the aid of Supreme Court officials whom col[l]aborated" in holding Plaintiff in Department of Correction custody "for longer than [he] should have been." (*Id.* at 4.)[5]

Plaintiff seeks money damages.

---

[4] Plaintiff also asserts that Defendants violated his rights under "Civil Procedure Code 52.3." (ECF 1, at 5.) It is unclear to the Court to what state or federal provision Plaintiff refers.

[5] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the amended complaint. All grammar, spelling, and punctuation are as in the original unless otherwise indicated.

## DISCUSSION

Plaintiff asserts claims under 42 U.S.C. § 1983 that he was detained beyond his release date. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.      Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff does not allege how Judge Biben was personally involved in the events giving rise to his claims. He does allege, however, that "Supreme Court officials . . . col[l]aborated in

holding" him in DOC custody. (ECF 4, at 4.) The Court understands Plaintiff to be alleging that

he was confined to DOC custody based on an order by Judge Biben in Plaintiff's criminal case.

Plaintiff fails, however, to allege any facts showing that Judge Biben acted beyond the scope of

her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because

the Court understands Plaintiff to be suing Judge Biben for "acts arising out of, or related to,

individual cases before [her]," the Court concludes that she is immune from suit for such claims.

*Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Biben

because they seek monetary relief against a defendant who is immune from such relief, 28

U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See*

*Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of

absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**B.    Personal Involvement**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants'

direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.*

*State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that

personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to

an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not

be held liable under Section 1983 solely because that defendant employs or supervises a person

who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government

officials may not be held liable for the unconstitutional conduct of their subordinates under a

theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

must plead and prove the elements of the underlying constitutional violation directly against the

official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Levin, Duffy, Disanto, Dimggio, and Molina were personally involved in the events underlying his claims. Plaintiff's claims against these defendants are therefore dismissed for failure to state a claim on which relief may be granted.[6] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also construes Plaintiff's claims against Molina as being asserted against him in his official capacity as Commissioner of DOC. Plaintiff's claims against Molina in his official capacity can be construed as claims against the City of New York. *See, e.g.*, *Nassau County Emp. "L" v. Cnty. of Nassau*, 345 F. Supp .2d 293, 298 (E.D.N.Y. 2004) (noting that "[a] claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself") (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

---

[6] It is unclear whether Levin, Duffy, Disanto, Dimggio are court employees. If they are, Plaintiff's Section 1983 claims for damages against these defendants may also be barred by the doctrine of judicial immunity. *See Mitchell v. Fishbein*, 377 F.3d 157, 172 (2d Cir. 2004) (stating that judicial immunity has been extended to nonjudicial officers, such as court clerks, who perform acts that are "'functionally comparable' to that of a judge'" or "are integrally related to an ongoing judicial proceeding" (citations omitted)); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997).

In other words, to state a Section 1983 claim against a municipality the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). Here, Plaintiff does not allege any facts suggesting that a DOC policy, custom, or practice caused the violation of his constitutional right. The Court therefore dismisses Plaintiff's Section 1983 claims against Molina in his official capacity for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Claim for Prolonged Detention

The Court construes Plaintiff's allegation that he was held beyond his release date as an attempt to assert a claim under the Eighth Amendment. The Eighth Amendment prohibits "'the unnecessary and wanton infliction of pain,' including punishments that are 'totally without penological justification.'" *Hurd v. Fredenburgh*, 984 F.3d 1075, 1085 (2d Cir. 2021) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "'A plaintiff asserting an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 must meet two requirements. First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the charged official must act with a sufficiently culpable state of mind.'" *Id.* at 1084 (quoting *Francis v. Fiacco*, 942 F.3d 126, 130 (2d Cir. 2019)). To meet the first requirement, "a plaintiff must plead 'a harm of a magnitude that violates a person's eighth amendment rights.'" *Id.* (quoting *Calhoun v. N.Y.S. Div. of Parole Officers*, 999 F.2d 647, 654 (2d Cir. 1993)). As to the second element, a plaintiff must show "'a state of mind that is the equivalent of criminal recklessness.'" *Id.* (quoting *Francis*, 942 F.3d at 130). Liability attaches only when officials engage in a "'deliberate infliction of punishment, and not an ordinary lack of care for prisoner interests or safety[.]'" *Id.* (quoting *Francis*, 942 F.3d at 130).

The Second Circuit has concluded that "[t]here is no penological justification for incarceration beyond a mandatory release date because 'any deterrent and retributive purposes served by [the inmate's] time in jail were fulfilled as of that date.'" *Id.* (quoting *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989)). The Second Circuit has stated that, "[n]ext to bodily security, freedom of choice and movement has the highest place in the spectrum of values recognized by our Constitution," and "freedom from unlawful restraint is a right so core to our understanding of liberty that suffering even one day of unlawful detention is a harm recognized by the Constitution." *Id.* n.4 (citations and internal quotation marks omitted). Thus, a plaintiff who could show that correction officials held him, with deliberate indifference to his right to be released, could state an Eighth Amendment claim.

Here, Plaintiff does not allege sufficient facts to state a claim for prolonged detention under the Eighth Amendment. Plaintiff alleges that he was held for 212 days beyond his release date. He does not, however, provide sufficient facts to suggest that any defendant acted with a sufficiently culpable state of mind. Plaintiff asserts only that "[e]ach defendant . . . deliberately acted congruently . . . with the aid of Supreme Court officials" to hold Plaintiff "for longer than [he] should have been." (*Id.* at 4.) He does not identify a non-immune defendant whom he believes made the decision not to release him, nor does he allege whether he told anyone that he should have been released, and, if so, the nature of their response. In sum, even if the Court assumes that Plaintiff was detained beyond his release date, he alleges no facts suggesting that any prolonged detention was the result of deliberate indifference of any defendant.

Because an over-detention, under Second Circuit law, "qualifies as a harm of constitutional magnitude" in violation of the Eighth Amendment, *see Hurd*, 984 F.3d at 1085, the Court grants Plaintiff leave to amend this claim to provide more facts indicating that he was

subjected to additional days of detention after he was entitled to release. Plaintiff should provide specific facts about his conviction and sentence, and the reasons he was entitled to release, and any steps he took to inform correction officials that he believed he was entitled to release. Plaintiff must also name as defendants the individuals who were responsible for his unlawful continued detention, and allege facts showing that they acted with deliberate indifference.

### D.     State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). As the Court is granting Plaintiff leave to amend, the Court has not dismissed the federal claims of which the Court has original jurisdiction. Thus, the Court reserves its decision whether to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim for prolonged detention beyond his release date, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff must name as the defendant(s) in the caption[7] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

---

[7] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4381 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for the reasons stated in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     August 28, 2023
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                           Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes   ☐ No
(check one)

___ Civ. _____ (   )

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
               ID#_____
               Current Institution_____
               Address_____
               _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name _____ Shield #_____
                 Where Currently Employed _____
                 Address _____
                 _____

*Rev. 01/2010*                    1

Defendant  No. 2       Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3       Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**Who did what?**

Defendant  No. 4       Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5       Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

_____
_____

B.     Where in the institution did the events giving rise to your claim(s) occur?

_____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____
_____
_____

D.     Facts:_____

**What happened to you?**

_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____     No _____     Do Not Know _____

       If YES, which claim(s)?
       _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____     No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
       _____

       1.      Which claim(s) in this complaint did you grieve?
        _____

        _____

       2.      What was the result, if any?
        _____

        _____

       3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
       _____
       _____
       _____
       _____

F.      If you did not file a grievance:

       1.      If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you
informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative
remedies.
_____
_____
_____
_____
_____
_____
_____
_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your
administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____

**VI.    Previous lawsuits:**

<div style="border: 1px solid black; display: inline-block;">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____  3.    Docket or Index number _____

_____  4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="border: 1px solid black; display: inline-block;">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____  3.    Docket or Index number _____

_____  4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                    6

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number            _____

Institution Address       _____

_____

_____

_____

<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG
## New York Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
## SOUTHERN DISTRICT OF NEW YORK

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

**III. TERMINATION OF ASSISTANCE**

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

**IV. CONFIDENTIALITY**

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

**V.  REVIEW AND CONSENT**

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____                    _____
Signature                                                                    Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
**New York ■ Legal Assistance Group**

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)** _____

---

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |
| Other _____ | | |

---

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

---

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

---

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**